UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT WILLIAMS JR.,

                Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,
                Defendant.
---------------------------------------------------------------X
CINDY DEVITT,

                Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,
                Defendant.
---------------------------------------------------------------X
KAREN COUGHLIN,

                Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,
                Defendant.
---------------------------------------------------------------X
KEVIN KONIG,

                Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,
                Defendant.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

21-CV-5656(DRH)

21-CV-5662(DRH)

21-CV-5968(DRH)

21-CV-5970(DRH)

**FILED**
**CLERK**

1:29 pm, Jan 27, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**HURLEY, Senior District Judge:**

      Presently before the Court is a motion by the plaintiff in each of the above-

captioned actions to remand their case to state court.[1] For the reasons, set forth

below, the motions are granted.

_____

[1] By Order dated December 10, 2021, the Court gave the parties notice that it would
treat the pre-motion conference letters filed in this case as the motion itself and
gave the parties an opportunity to object to that procedure as well as an opportunity

**Background**

Each of the above cases were filed in New York State courts, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., together with state cause of actions and removed to this Court by the defendant. The notices of removal allege that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 as it is alleged that defendant violated the federal FDCPA; copies of the state court pleading (complaint) is attached to each of the notices of removal.

In support of remand, plaintiffs argue that defendant has not satisfied its burden of "proving" that the jurisdictional requirements have been met because "the jurisdictional 'facts' alleged by defendant consist merely of the argument that because this is an FDCPA action . . . removal is proper . . . without any jurisdictional facts concerning Article III standing." (*See, e.g.*, DE 7 in Civil Action No. 21-5662, at p. 2.). Because "the Notice of Removal is completely silent as to Plaintiff's standing under Article III . . . this matter should be summarily remanded back to state court." (*See, e.g., id.* at 3.) Plaintiffs further contend that "pursuant to the doctrine of collateral estoppel, in the interest of judicial economy, these matters should be remanded back to state court" in view of the decision issued by another judge of this court in *Luisi v. Portfolio Recovery Assocs.*, 21-cv-05725 (E.D.N.Y. Nov. 16, 2021).

---

to present additional arguments and/or authorities to the Court. Neither party objected to treating the pre-motion conference letters as the motion and both parties took advantage of the opportunity to present additional arguments. (*See* DE 19-20.)

**Discussion**

Interestingly, Plaintiffs do not come out and concede that they lack standing. Even so, because standing implicates the Court's judicial power to hear this particular case-or-controversy, *i.e.*, its subject-matter jurisdiction, the Court will address the issue. After review, the Court finds that plaintiffs lack standing.

As an initial matter, each  Plaintiff incorrectly states the Court may "look only to jurisdictional facts alleged in the notice of removal." *Cavazzini v. MRS Assocs. & Crown Asset Mgmt.*, 2021 WL 5770273, at *3 n.5 (E.D.N.Y. Dec. 6, 2021) (rejecting the same argument that a court is "preclude[d] . . .  from looking to the complaint in addressing this jurisdictional question," *i.e.*, standing). By investigating subject-matter jurisdiction, the Court not restricted to the notice of removal – nor even the pleadings. *E.g.*, *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("[I]f subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings.").

The Court's investigation begins with the proposition that "it is well established that the pleading standard for constitutional standing is lower than the standard for a substantive cause of action." *Maddox v. The Bank of New York Mellon Trust Co.*, -- F.4th --. 2021 WL 5347004, at *6 (2d Cir. Nov. 17, 2021) (brackets omitted) (quoting *Harry v. Total Gas & Power N. Am., Inc.,* 889 F.3d 104, 110 (2d Cir. 2018)).

Here, the complaints allege that defendant falsely claims that the specified plaintiff owes it money; that in an effort to collect this alleged debt it decided to

contact the named plaintiff by written correspondence; defendant used a third-party vendor to prepare and mail the written correspondence; in the course of using a third-party vendor defendant disclosed information regarding the alleged debt to that third-party including, among other things, the named plaintiff's status as a debtor, the precise amount of the alleged debt, and the entity to which the named plaintiff allegedly owed the debt. The third-party vendor used that information to populate a form that was sent to, received by, and read by each of the named plaintiffs. It is alleged that using the third-party vendor violated the named plaintiff's right to privacy and bears a close relationship to the public disclosure of private facts. In other words, the plaintiffs FDCPA claim is premised on the dissemination of inaccurate information from defendant to a third party.

Such is insufficient to plead a concrete injury in accordance with the recent Supreme Court case of *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190 (2021) and therefore plaintiff has failed to satisfy the standing requirement for federal jurisdiction. In that case, the Court once again reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at *8 (quoting *Spokeo Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The Second Circuit recently summarized *TransUnion*'s discussion of what constitutes a concrete harm as follows:

> The [*TransUnion* Court] explained that whether a harm qualifies as "concrete" hinges on "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American Courts." The Court recognized that physical and monetary harms, along with other traditional tangible harms, readily qualify as concrete, and that certain intangible harms,

such as reputational harm, qualify as well. The Court also allowed that Congress's views may be "'instructive'" in determining whether a harm is sufficiently concrete, although "an injury in law is not an injury in fact."

*Maddox*, 2021 WL 5347004, at *4 (internal citations omitted).

*TransUnion* was a class action in which two violations of the Fair Credit Reporting Act ("FCRA") were alleged. The first claim was that the defendant's failure to use reasonable procedures led to class members being inaccurately being listed as "potential match[es]" to the Treasury Department's list of national security threats. The second claim involved the failure to adhere to FCRA formatting requirements in the mailing used to inform class members of the potential match. The matter reached the Supreme Court after a post-trial appeal.

As to the first claim, the Court divided the class members into those whose credit reports were disseminated to a third-party and those whose reports were not disseminated. The Court held that the first group had standing as they "suffered a harm with a 'close relationship'" to the harm associated with the tort of defamation. The second group had suffered no concrete harm, and thus did not have Article III standing, because their files were never published and "publication is 'essential to liability' in a suit for defamation." The risk of future harm – *i.e.*, that the information would be disseminated in the future – "standing alone, cannot qualify as a concrete harm unless the exposure to the risk of future harm causes a separate concrete harm" and the class members presented no such evidence.

As to the second claim, the Court held that the class members failed to establish a concrete harm, or even any harm, as there was no evidence they even opened the relevant mailings. *Id.* at 2213.

In the cases before this Court, the plaintiffs assert that the alleged false information about them owing a debt to defendant was disseminated to the third-party vendor in violation of the FDCPA, which violation bears a close resemblance to a violation of their right to privacy and the tort of public disclosure of private facts.  However, an examination of these allegedly close torts does not support the existence of a concrete harm in these cases. The recent case of *Sputz v. Alltran Financial, LP*, 2021 WL 5772033 (S.D.N.Y. Dec. 5, 2021) is instructive in this regard.

The allegations of the complaint in *Sputz* are nearly identical to those in the instant cases. It was alleged that the FDCPA was violated by the defendant's use of a third-party vendor to prepare a collection letter.  Because no actual tangible harm was alleged, the question with respect to defendant's motion to dismiss for lack of standing was whether that plaintiff had asserted a "close historical or common-law analogue for his asserted injury." Rejecting plaintiff's reliance on the tort of public disclosure of private information, the *Sputz* court wrote:

> This privacy tort, which is recognized under the common law of many states, see Restatement (Second) of Torts §§ 652A, 652D, although not New York, *see Farrow v. Allstate Ins. Co.*, 862 N.Y.S.2d 92, 93 (App. Div. 2008), applies where the defendant "gives publicity to a matter concerning the private life of another" where the matter publicized involves facts that "(a) would be highly offensive to a reasonable person, and (b) [are] not of legitimate concern to the public," Restatement (Second) of Torts § 652D. " 'Publicity,' " in this context,

"means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id*. cmt. a. Thus, "it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons."

Defendant argues – and the Court agrees – that the "transmission of [Plaintiff's] information to [Defendant's] letter vendor does not remotely rise to the level of 'publicizing' private information to the public at large." (D's Mem. at 14.) Because publicity is essential to liability in a suit for public disclosure of private facts, it follows that Plaintiff lacks standing. *See* Restatement (Second) of Torts § 652D; *id*. cmt. a. Like the plaintiffs in *TransUnion* who did not have standing because their credit reports were not disseminated to a third party, which is "essential to liability in a suit for defamation," *id*. at 2209 (cleaned up), here, plaintiff lacks standing because his private information was not disclosed to the public, which is essential to liability in a suit for public disclosure of private information, *see Ciccone v. Cavalry Portfolio Servs*., No. 21-CV-2428, 2021 WL 5591725, at *3-4 (E.D.N.Y. Nov. 29, 2021).

*Id*. at *3; *see also Ciccone v. Calvary Portfolio Serv., LLC*, 2021 WL 5991725

(E.D.N.Y. Nov. 29, 2021). This Court agrees with and adopts the *Sputz* court's

analysis.

As the complaint does not allege any concrete injury sufficient to support

standing, the Court lacks subject matter jurisdiction over these actions and the

motion to remand must be granted. *See* 28 U.S.C. § 1447.

**Conclusion**

For the reason set forth above, the motions to remand are granted. The

*Williams* case, 21-cv-5656 is remanded to the District Court of Nassau, 2d District;

the *Devitt* case, 21-cv-5662 is remanded to the District Court of Nassau, 1st District;

the *Konig* case, 21-cv-5970 is remanded to the District Court of Nassau, 4th

District; and the *Coughlin* case, 21-cv-5968 is remanded to the District Court of

Suffolk, 6th District.

    **SO ORDERED.**

Dated: Central Islip, New York         s/ Denis R. Hurley
       January 27, 2022            Denis R. Hurley
                                           United States District Judge